USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/9/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUCIEN SIMPSON-QUIN,

                Plaintiff,

-against-

ALYSSA MONTEJANO et al.,

                Defendant.

23-CV-08113 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    On June 21, 2024, Defendant Montejano filed a letter motion to stay discovery pending resolution of her motion to dismiss, which she also filed on June 21. Dkt. No. 46. Among other things, Defendant Montejano argues in her motion to stay discovery that her motion to dismiss is likely to succeed, *id.* at 2; that Plaintiff's Amended Consolidated Complaint, and the statements made therein, is "generalized" and "completely conclusory," *id.*; that Plaintiff cannot rely on discovery to state a claim in order to defeat the pending motion to dismiss, *id.* at 3; and that a stay would not prejudice Plaintiff, *id.* On June 28, 2024, Plaintiff objected to Defendant Montejano's motion to stay discovery. Dkt. No. 47. Among other things, Plaintiff argues that Defendant Montejano has not shown good cause as to why the stay of discovery should be granted, *id.* at 2; and staying discovery would prejudice Plaintiff, who is planning to travel to the United States from Australia for a deposition scheduled on July 18, 2024, *id.* at 6.

    A district court may stay discovery for "good cause" pursuant to Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c). When evaluating a motion to stay discovery, "[c]ourts should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the motion forming the basis of the request for stay." *Republic of Turkey v. Christie's, Inc.*, 316 F.Supp.3d 675, 677 (S.D.N.Y. 2018) (internal citations and quotation marks omitted). District courts have significant discretion to determine whether a stay of discovery is warranted. *See RBG Mgmt. Corp. v. Village Super Market, Inc.*, 22-cv-07996 (JLR), 2023 WL 1996920, at *2 (S.D.N.Y. Jan. 24, 2023).

    Here, the Court concludes that a stay of discovery is not justified. When considering the breadth of discovery sought and the burden of responding to it, Defendant Montejano has not shown that either factor justifies a stay of discovery. The discovery listed by Defendant Montejano is entirely consistent with the claims at issue in this case and, based on the parties' limited submissions to the Court, does not appear to be overbroad or disproportionate to the needs of the case. *See Robbins v. Candy Digital Inc.*, 23-cv-10619 (LJL), 2024 WL 2221362, at *2 (denying the defendants' motion to stay discovery where, *inter alia*, "the discovery that Plaintiff seeks from the Fanatics Defendants is not exceptional"). Defendant Montejano's statements regarding the type of discovery sought and the breadth of that discovery "do not move beyond generally describing the costs of participating in standard civil discovery for a case like this." *RBG Mgmt. Corp.*, 2023 WL 1996920, at *2 (citing *Mirra v. Jordan*, 15-cv-04100 (AT)

(KTF), 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016)).  Furthermore, the close of fact discovery is quickly approaching, and the deadline to exchange responsive documents has already passed.  *See* Dkt. No. 24 at §§ 5(e), (g).  Although Defendant Montejano "anticipate[s] that large volumes of ESI material will be sought by Defendant (and likely Plaintiff) including non-party subpoenas for documents and testimony," Dkt. No. 46 at 3, it is far too late in the discovery period to claim that "anticipated" discovery will be too burdensome to continue while the motion to dismiss remains pending.  Therefore, neither the breadth of discovery sought nor the burden of responding to it weigh in favor of a stay.

Next, the Court considers the prejudice that would result to Plaintiff if discovery is stayed.  Plaintiff has made significant international travel and family arrangements to attend a deposition that is scheduled for July 18, 2024.  *See* Dkt. No. 47 at 6.  With this date less than two weeks away, Plaintiff and his counsel have likely already begun preparing for this deposition, and a stay of discovery would mean that these preparations would need to be repeated if the stay is lifted.  *C.f. Mirra*, 2016 WL 889559, at *3 (finding that the plaintiff would suffer undue prejudice if discovery was stayed because, *inter alia*, the plaintiff "will have to review twice many of the same documents exchanged in his other action against the defendant").  Overall, Defendant Montejano has not persuaded the Court that Plaintiff would not suffer unfair prejudice if her motion to stay discovery is granted.

Finally, the Court considered the strength of Defendant Montejano's motion to dismiss.  Defendant Montejano makes a series of arguments regarding the strength of her motion that are nearly all centered on fact-specific inquiries regarding the veracity of alleged statements attributed to Defendant Montejano and whether those statements are properly attributed to her.  *See* Dkt. No. 46 at 2.  Plaintiff disputes Defendant Montejano's characterization of the alleged statements.  *See* Dkt. No. 47 at 3–5.  In the instant motion to stay discovery and the pending motion to dismiss, both parties make strong arguments in support of their position.  "'With strong arguments on both sides, Defendant's argument does not rise to a level of the requisite 'strong showing' that Plaintiff's claim is unmeritorious.'" *RBG Mgmt. Corp.*, 2023 WL 1996920, at *2 (quoting *Guiffre v. Maxwell*, 15-cv-07433 (RWS), 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016)); *see also Mirra*, 2016 WL 889559, at *2 ("Given that such analyses is fact-specific and based on various factors, and in light of the parties citations to case law in support of both arguments, the Court is unable to conclude that the defendant made a strong showing, at this time, that the plaintiff's claim is not meritorious.").  Thus, this factor does not weigh in favor of staying discovery.

Accordingly, it is hereby ORDERED that Defendant Montejano's motion to stay discovery (Dkt. No. 46) is DENIED.  The Clerk of Court is respectfully directed to terminate Dkt. No. 46.

Dated:  July 9, 2024
         New York, New York

                                                                SO ORDERED.

                                                                _____
                                                                MARGARET M. GARNETT
                                                                United States District Judge